UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENOVO LIGHTING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | Jury Trial Demanded |
| NORMAN LAMPS INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, DeNovo Lighting, LLC ("DeNovo"), by and through its attorneys, complains of Defendant Norman Lamps Inc. ("Defendant" or "Norman"), for infringement of one United States Patent:

## PARTIES

1. Plaintiff DeNovo is a New York limited liability company with its principal place of business at 144-44 41st Avenue, APT. #6M, Flushing, New York 11355.

2. Upon information and belief, Defendant Norman is an Illinois corporation with its principal place of business at 1775 Wallace Avenue, St. Charles, Illinois 60174.

## NATURE OF ACTION

3. This is a patent infringement action seeking to enjoin Defendant's unauthorized and infringing use, sale, offer for sale and/or importation of products incorporating DeNovo's patented LED lamp devices. Plaintiff DeNovo seeks to enjoin Defendant from continuing to infringe upon DeNovo's valuable patent rights. In addition, Plaintiff DeNovo seeks monetary damages for Defendant's infringement of these rights. This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 1338(a).

5. This Court has personal jurisdiction over the Defendant based on at least:

   A. Defendant's incorporation in Illinois;

   B. Defendant's engaging in business in Illinois, including selling Defendant's Hybrid T8 lamps, and causing Defendant's Hybrid T8 lamps to be sold in Illinois;

   C. Defendant's committing the tortious act of patent infringement within Illinois;

   D. Defendant's causing injury to Plaintiff DeNovo in Illinois by sending Defendant's Hybrid T8 lamps into Illinois to be used or consumed within Illinois in the ordinary course of commerce, trade or use; and

   E. This Court's personal jurisdiction over Defendant is proper based upon; *inter alia*, Defendant's acts of infringement within this judicial district, and Defendant's systematic and continuous contacts with this judicial district.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## THE PATENT

7. U.S. Patent No. 8,729,809 ("the '809 patent") entitled "Voltage Regulating Devices in LED Lamps with Multiple Power Sources" was duly and legally issued on May 20, 2014. A copy of the '809 patent is attached as Exhibit A.

8. Plaintiff DeNovo is assignee and exclusive owner of all rights, title, and interest in the '809 patent, including the right to sue for injunctive relief and damages.

9. The '809 patent is valid and enforceable.

10. There are no licenses under the '809 patent.

11. DeNovo does not manufacture any product under the '809 patent.

## ACTS GIVING RISE TO THIS ACTION

12. Defendant has infringed the '809 patent at least by using, selling, offering to sell and/or importing products that fall within the scope of at least claims 1, 2, 5, 7, 8, 9, 10, 19, 22, 23 and 24 of the '809 patent. Exhibit B to this complaint is a table describing the infringement of claims 1, 2, 5, 7, 8, 9, 10, 19, 22, 23 and 24 of the '809 patent by Defendant's Hybrid T8 lamps, including, without limitation, the following lamps: LED-T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K Cool-White Hybrid, LED-T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K Pure-White Hybrid, LED-T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K Cool-White Hybrid, and LED-T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K Pre-White Hybrid (collectively, "the Accused Products").

13. Upon information and belief, Exhibit C to this complaint, which was created by Plaintiff for purposes of this litigation after analyzing the Accused Products, represents the electrical circuitry utilized in the Accused Products.

14. Exhibit C at page 1/2 is an electrical circuit schematic of one end cap of the Accused Products showing a voltage regulating circuit consisting of four input power pins, voltage reducing devices used across all four input power pins, and two sets of AC-to-DC converters consisting of discrete diodes used to form a full bridge rectifier providing DC outputs B+ and B-.

15. Exhibit C at page 2/2 is an electrical circuit schematic of the second end cap of the Accused Products showing a continuation of the voltage regulating circuit containing an LED driver IC1 buck converter Richtek RT8487 used to provide constant current to a string of at least two LEDs.

16. Exhibit D to this complaint is a Norman Product Datasheet for the Accused Products.

17. With regard to claim 1, the Accused Products are each an LED lamp device for use with multiple power sources. For example, the Accused Products contain Dual Mode Internal Drivers for Bypass lnstallation to operate with AC 120-347v and work with Electronic & Magnetic ballast for Plug & Play Direct installation. See row 1 of Exhibit B. See also Exhibit D.

18. The Accused Products include first and second inputs for receiving power from a first power source. For example, the Accused Products have first Nl and second Ll inputs for receiving power from AC 120-347v OR an Electronic & Magnetic ballast. See row 2 of Exhibit B. See also Exhibit C at page 1/2.

19. The Accused Products include third and fourth inputs for receiving power from a second power source. For example, the Accused Products have third L2 (ACl) and fourth N2 (AC2) inputs for receiving power from AC 120-347v or an Electronic & Magnetic ballast. See row 3 of Exhibit B. See also Exhibit C at page 1/2.

20. The Accused Products include a first voltage reducing device connected between said first and second inputs for electrical communication with said first power source. For example, the Accused Products use a first voltage reducing device capacitor C1B between said first input N1 and second input L1 for electrical communication with said AC 120-347v or an Electronic & Magnetic ballast. See row 4 of Exhibit B. See also Exhibit C at page 1/2.

21. The Accused Products include a second voltage reducing device between said second and third inputs. For example, the Accused Products use a second voltage reducing

device capacitor C1C between said second input L1 and third input L2 (AC1). See row 5 of Exhibit B. See also Exhibit C at page 1/2.

22. The Accused Products include a third voltage reducing device between said first and fourth inputs. . For example, the Accused Products use a third voltage reducing device capacitor C1A between said first input N1 and fourth input N2 (AC2). See row 6 of Exhibit B. See also Exhibit C at page 1/2.

23. The Accused Products include at least one voltage regulating circuit connected to said first and second inputs for providing linear current, which is not dependent on a voltage or electromagnetic induction power. For example, the Accused Products use at least one voltage regulating circuit that is connected to said first input Nl and second input Ll to DC outputs B+ and B- for providing linear current, which is not dependent on a voltage or electromagnetic induction power. See row 7 of Exhibit B. See also Exhibit C at page 1/2.

24. The Accused Products include at least two LEDs connected in series across the at least one voltage regulating circuit. For example, the Accused Products use at least two LEDs connected in series across the at least one voltage regulating circuit. There is a total of 100 LEDs that are connected as an array of 25 series strings of four LEDs each connected in parallel between V+ and B-. See row 8 of Exhibit B. See also Exhibits C1 and C2.

25. With regard to claim 2, each of the Accused Products is capable of use with more than one type of said power sources, said types of power sources are a ballast, mains alternating current voltage, direct current voltage and electromagnetic induction power. For example, the Accused Products are capable of use with a ballast or mains alternating current voltage. See row 9 of Exhibit B. See also Exhibit D.

26. With regard to claim 5, the first voltage reducing device in each Accused Product is a first capacitor. For example, the Accused Products use capacitors as voltage reducing devices. See row 10 of Exhibit D. See also Exhibit C at page 1/2.

27. With regard to claim 7, the voltage regulating circuit in each Accused Product includes at least one voltage converting device connected across said first voltage reducing device and at least one voltage regulating device; wherein said at least one voltage regulating device is on a DC output side of said at least one voltage converting device. For example, the Accused Products use discrete diodes D1-D8 to represent at least one voltage converting device connected to voltage reducing capacitors C1, C1A, C1B, and C1C and providing DC outputs B+ and B- from the outputs of D1-D8 and providing power to voltage regulating device IC1. See row 11 of Exhibit D. See also Exhibit C at page 1/2.

28. With regard to claim 8, the at least one voltage converting device in each Accused Product is at least one AC-to-DC converter. For example, the Accused Products use discrete diodes D1-D8 to represent at least one voltage converting device that is at least one AC-to-DC converter. See row 12 of Exhibit B. See also Exhibit C at page 1/2.

29. With regard to claim 9, the at least one voltage converting device in each Accused Product is at least one rectifier. For example, the Accused Products use discrete diodes D1-D8 to represent at least one voltage converting device that is at least one rectifier. See row 13 of Exhibit B. See also Exhibit C at page 1/2.

30. With regard to claim 10, the at least one rectifier in each Accused Product is at least one full-wave diode bridge rectifier. For example, the Accused Products use discrete diode rectifiers D1-D8 to represent at least one full-wave diode bridge rectifier. See row 14 of Exhibit B. See also Exhibit C at page 1/2.

31. With regard to claim 19, the at least one voltage regulating circuit in each Accused Product is at least one voltage regulator. For example, the Accused Products use the RT8487 voltage regulator manufactured by Richtek Technology Corporation. See row 15 of Exhibit B. See also Exhibit C at page 2/2.

32. With regard to claim 22, the at least one voltage regulator in each Accused Product is at least one buck converter. For example, the Accused Products use the RT8487 buck converter voltage regulator manufactured by Richtek Technology Corporation. See row 16 of Exhibit B. See also Exhibit C at page 2/2.

33. With regard to claim 23, the at least two LEDs in each Accused Product are at least two high brightness LEDs. For example, the Accused Products each use at least two high brightness LEDs. See row 17 of Exhibit B. See also Exhibit D.

34. With regard to claim 24, the at least two LEDs in each Accused Product are at least two surface mount LEDs. For example, the Accused Products each use at least two surface mount LEDs. See row 18 of Exhibit B.

35. Plaintiff notified Norman of its infringement of the '809 patent in a letter to Mr. Dan D'Amico, Chief Executive Officer of Norman, sent on March 29, 2016. On April 13, 2016, counsel for Norman contacted Plaintiff's counsel requesting numerous categories of information, most of which were irrelevant to the issue of infringement. On April 18, 2016, Plaintiff provided Norman with electrical circuit schematics for the Accused Products and a detailed identification of the basis for Plaintiff's claim of infringement. On April 26, 2016, counsel for Norman again contacted Plaintiff's counsel requesting numerous categories of information, most of which were irrelevant to the issue of infringement. On May 13, 2016, counsel for Plaintiff and counsel for Norman discussed Norman's infringement and, despite

7

Norman's representation that it would provide a response by May 27, 2016, no response was received. The delay is unreasonable, and prejudicial to Plaintiff.

36. Further, upon information and belief, Defendant will continue to use, sell, offer to sell, and/or import the Accused Products within the United States after the filing of this lawsuit and service of this Complaint.

37. Accordingly, Defendant's infringement of the '809 patent is, and will continue to be, willful.

38. Defendant's conduct in infringing upon the '809 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

39. Plaintiff has been, and will continue to be, damaged by Defendant's infringement and will suffer irreparable injury unless the infringement is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DeNovo Lighting, LLC, prays for judgment as follows:

A. Declaring that Defendant has infringed and is infringing upon the '809 patent;

B. Declaring that Defendant's infringement of the patent is willful and deliberate;

C. Enjoining Defendant, its officers, agents, servants and employees, and those acting in concert or participation with any of them, from infringement, inducement of infringement, and contributory infringement of the '809 patent, including but not limited to using, selling, offering to sell, or importing any devices that infringe upon the '809 patent prior to the expiration of that patent, including any term extensions;

D. Awarding DeNovo damages adequate to compensate for Defendant's infringement of the '809 patent, together with pre-judgment and post-judgment interest and costs;

E. Trebling all damages awarded to DeNovo for Defendant's willful infringement of the '809 patent, pursuant to 35 U.S.C. § 284;

F. Declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and awarding DeNovo the attorney fees, costs and expenses that it incurs in this action; and

G. Awarding DeNovo such other and further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff DeNovo hereby demands a trial by jury for all issues so triable.

Dated: June 7, 2016

                                              Respectfully submitted,
                                              DENOVO LIGHTING, LLC

                                              By: /s/ Michael A. Dorfman_____
                                                      One of its attorneys

Michael A. Dorfman (ARDC No.: 6255860)
Matthew M. Holub (ARDC No.: 6309263)
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661
312-902-5200 telephone
312-902-1061 facsimile
michael.dorfman@kattenlaw.com
matthew.holub@kattenlaw.com